**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-02262-JLK-MJW

RENEE ATWELL,

VIVIAN BRADLEY,

TERRY LEE, and

YVETTE MARTINEZ HOCHBERG

    Plaintiffs,

v.

PATRICIA GABOW, in her individual capacity and in her official capacity as
Chief Executive Officer and Medical Director of Denver Health and Hospital Authority, and

DENVER HEALTH AND HOSPITAL AUTHORITY,
a political subdivision of the State of Colorado,

    Defendants

---

**DEFENDANTS' MOTION TO CONSOLIDATE
CIVIL ACTION NO. 07-CV-02063 INTO CIVIL ACTION NO. 06-CV-02262**

---

    Defendants in this action and in Civil Action No. 07-CV-02063, Patricia Gabow, M.D., in her individual and official capacities ("Gabow"), and Denver Health and Hospital Authority ("Denver Health"), and joined by additional Defendants in Civil Action No. 07-CV-02063, Wendy Alexander, in her individual and official capacities ("Alexander"), Greg Rossman, in his individual and official capacities ("Rossman"), by their attorneys, Fairfield and Woods, P.C., hereby move this Court, pursuant to FRCP 42 and D.C.Colo.LCivR 42.1, to consolidate Civil Action No. 07-CV-02063 into this case, and as grounds therefore state as follows:

**EXHIBIT A**

### Certificate of Compliance with Local Rule 7.1(A)

Undersigned counsel hereby certifies that he has conferred with counsel for Plaintiffs in both actions, Anne Sulton, by email with respect to this motion.  Plaintiffs object to this motion.

### Motion

This action (the "Atwell Case") was commenced in this Court in 2006, and a First Amended Complaint was filed in February of 2007, purporting to assert class action claims of race discrimination in employment against Denver Health and Gabow.  Plaintiffs in the Atwell Case are represented by Anne Sulton and Gregory Hall.

Civil Action No. 07-CV-02063 (the "Gomez Case") was filed in state court, the District Court for the City and County of Denver, on August 31, 2007, with an Amended Complaint filed on September 12, 2007, purporting to assert class action claims of race discrimination in employment against Denver Health, Gabow, Alexander, and Rossman.  Plaintiffs in the Gomez Case are also represented by Anne Sulton and Gregory Hall.  The Defendants in the Gomez Case removed that action to federal court on October 3, 2007, after which it was assigned Civil Action No. 07-CV-02063-MSK-BNB.

This Motion to Consolidate is filed because there are common issues of law and fact between the two actions as discussed in detail below, including the fact that the named plaintiffs in the Gomez Case would all be class members in the Atwell Case if a class were to be certified in the Atwell Case.  Pursuant to D.C.Colo.LCivR 42.1, this Motion is to be determined by Judge Kane as the Judge to whom the oldest numbered case is assigned for trial.   Notice of the filing of this Motion is being filed concurrently in the Gomez Case.

A copy of the Amended Complaint in the Gomez case is attached hereto as Exhibit A.  A comparison of that document with the First Amended Complaint filed in this case demonstrates that there are numerous common issues of law and fact between the two actions.

First, both complaints seek to assert class action claims of employment discrimination on behalf of present and former employees of Denver Health.  The purported classes are nearly identical, with the only differences in italics in the following quotes:

> **From Atwell Case First Amended Complaint:**
> 24.   Plaintiffs bring this Class Action *pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3)* on behalf of a Class of all past and present non-white DH employees who have been or continue to be discriminated against on the basis of their race, *color, and/or ethnic group* in the terms and/or conditions of their employment, including, but not limited to, training, promotion, retention, assignment of duties, granting of rights and benefits, or any other personnel action.
>
> **From Gomez Case Amended Complaint:**
> 26.    Plaintiffs bring this Class Action on behalf of a Class of *all non-white job applicants for hire and re-hire, and* all past and present non-white DH employees who have been or continue to be discriminated against on the basis of their race in the terms and/or conditions of their employment, including, but not limited to, *recruitment, selection, hiring*, training, promotion, retention, assignment of duties, granting of rights and benefits, or any other personnel action.

The four named Plaintiffs in the Gomez Case include three former employees of Denver Health, and one current employee of Denver Health, all of whom allege race discrimination in employment.  Thus, if a class were to be certified in the Atwell case as described in paragraph 24 of the First Amended Complaint, all of the four named Plaintiffs in the Gomez Case would be members of the class in the Atwell Case.  Consolidation of these two cases would avoid the specter of two dueling class action cases pending before different judges in the same court, with the same counsel, with overlapping, redundant, and potentially conflicting discovery, class certification motions, and other issues.  To allow two nearly identical purported class actions to

3

proceed independently would be a waste of judicial resources and impose undue burden on Defendants.

The two cases involve many other common legal issues. Plaintiffs in their First Amended Complaint in the Atwell Case have asserted claims under Title VII, 42 U.S.C. §§1981, 1983, 1988, and the Colorado Antidiscrimination Act and C.R.S. § 25-29-107. Gabow and Denver Health have moved to dismiss all claims, and that motion remains pending. Plaintiffs have admitted that three of the four named Plaintiffs in the Atwell Case have not received right-to-sue notices for purposes of pursuing their claims under Title VII or under the Colorado Antidiscrmination Act, and they have virtually conceded that no independent claim may be brought under C.R.S. § 25-29-107.

In the Gomez Case, the four named Plaintiffs have asserted claims only under 42 U.S.C. §§1981, 1983, 1988, presumably since none of them have received right-to-sue notices from the EEOC or the CCRD. Based upon the allegations in the Amended Complaint in the Gomez Case, it appears that their claims will raise substantially the same legal issues that have been raised in the Atwell Case as to those claims under 42 U.S.C. §§1981, 1983, 1988, namely whether any alleged discrimination by Denver Health was under color of law, whether there are sufficient allegations of intentional discrimination personally undertaken by the individual defendants, whether the individual defendants are entitled to qualified immunity, and whether naming individual defendants in their official capacities is superfluous when Denver Health is itself a defendant.

The two cases have numerous factual issues in common as well. Indeed, it appears that the Amended Complaint in the Gomez Case was largely created by word processing editing of

4

the First Amended Complaint in the Atwell Case.  The table below identifies by paragraph numbers allegations of those two complaints which are identical or nearly identical:

| Atwell Case | Gomez Case |
|---|---|
| 2 | 2 |
| 3 | 3 (first sentence) |
| 4 - 6 | 4 - 7 |
| 7 (second sentence) | 8 |
| 8 - 10 | 9 - 11 |
| 11 (first sentence) | 12 |
| 12 | 13 (first two sentences) |
| 13 - 15 | 14 -16 |
| 24 – 31 | 26 – 33 |
| 110 – 126 | 81 – 97 |
| 127 | 99-101 (Rossman and Alexander added) |
| 128 - 139 | 103 – 115 |
| 153-156 | 117-119 |

Quite clearly, in the event that any of Plaintiffs' claims survive dismissal under FRCP 12, discovery in the Atwell Case and the Gomez Case will be covering the same ground and should be administered in the same case.  For discovery and pretrial purposes, as well as for any attempt to certify a class in either case, there is no valid reason whatsoever for these two cases to be separately litigated.  Indeed, given Ms. Sulton's failed attempts to seek recusal of Judge Kane in the Atwell Case, both by motion denied by Judge Kane and Petition for Writ of Mandamus denied by the Tenth Circuit, it appears that the Gomez Case was improperly filed solely as an attempt to judge-shop and forum-shop.  Class action suits are not like lottery tickets, however, where counsel can make multiple entries in the hope of striking paydirt with one of them.

For the reasons stated above, these two cases must be consolidated, at least for purposes of discovery and any class certification motion. In the event that no class is certified, however, Defendants reserve the right to seek separate trials with respect to some or all of the named Plaintiffs, as the factual allegations of specific discriminatory acts as to each, the positions they held, and the supervisors involved, differ sufficiently that a joint trial of their individual claims could well be unduly complicated for a jury and/or prejudicial to Defendants. In *Chimal v. Sledge*, 2007 WL 1576346 (D.Colo., 2007) (copy attached as Exhibit B), Judge Daniel ordered two cases consolidated for pretrial discovery matters only, recognizing that certain defendants might be prejudiced if the cases were consolidated for trial. Here, given the class action allegations, it is premature to determine whether one or more trials may be appropriate.

WHEREFORE, Defendants respectfully move the Court for an Order consolidating Civil Action No. 07-CV-02063 into this case, without prejudice to any party's right to later move for separate trials with respect to some or all of the claims of the various Plaintiffs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of October, 2007.

                              FAIRFIELD AND WOODS, P.C.

                              By:   *s/Brent T. Johnson*
                                     Brent T. Johnson
                                     1700 Lincoln Street, Suite 2400
                                     Denver, Colorado 80203
                                     (303) 830-2400
                                     Email:  bjohnson@fwlaw.com

                              ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Anne T. Sulton
Sulton Law Offices
PO Box 2763
Olympia, WA  98507
Phone:  (609) 468-6029
Email:   annesulton@gmail.com
           annesulton@comcast.net

Gregory A. Hall
Law Office of Gregory A. Hall
PO Box 20922
Denver, CO  80220-8992
Phone:  (303) 320-0584
Fax:  (303) 370-6992
Email:   Gregory@Federallaw.com

                                             *s/Brent T. Johnson*_____
                                             Brent T. Johnson
                                             Attorney for Defendants
                                             Fairfield and Woods, P.C.
                                             1700 Lincoln Street, Suite 2400
                                             Denver, CO  80203-4524
                                             Phone:  (303) 830-2400
                                             Fax:  (303) 830-1033
                                             Email:  bjohnson@fwlaw.com