IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-02262-JLK**

**RENEE ATWELL**,

        Plaintiff,

v.

**PATRICIA GABOW, in her official capacity as CEO of Denver Health, and in her individual capacity, and**
**DENVER HEALTH,**

        Defendants.

---

**ORDER GRANTING MOTION TO CONSOLIDATE CIVIL
ACTION NO. 07-cv-2063-MSK INTO CIVIL ACTION NO. 06-cv-2262**

---

Kane, J.

This matter is before me on the Motion to Consolidate filed by Defendants Gabow and Denver Health and Hospital Authority ("Denver Health Defendants") in *Atwell et al. v. Gabow et al.*, Civil Action No. 06-cv-2262 (the "Atwell Action"). Defendants contend a new action filed by the same counsel on behalf of a similar putative plaintiff class and removed to this court, *Gomez et al. v. Gabow et al.*, Civil Action No. 07-cv-2063-MSK (the "Gomez Action"), is appropriate for consolidation with the Atwell Action pursuant to Fed. R. Civ. P. 42 and D.C.COLO.LCiv.R 42.1. Because I have the lower numbered case, I rule on the Motion to Consolidate. *See* D.C.COLO.LCiv.R 42.1.

Counsel for Plaintiffs deny the putative plaintiff classes in Gomez and Atwell are identical, but agree the cases share common facts, parties and substantive theories of relief that warrant consolidation at least for purposes of discovery. Counsel declines at this point in the proceedings

to state whether the cases should be consolidated for any other purposes until such time as discovery relevant to class certification issues can be completed.

Based on my review of the Amended Complaints in both actions, it is clear the cases are appropriate for consolidation under the standards articulated in Fed. R. Civ. P. 42(a) and the attendant Local Rule of this Court. Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in isue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The question of whether to consolidate these actions rests firmly in my discretion. *See* Order, Chimal v. Sledge, Civil Action No. 06-cv-02394-WYD-MEH, slip op., 2007 WL 1576346, *1 (D. Colo., May 31, 2007)(Daniel, J.)(citing *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950)).

The two putative class actions both seek to assert race and ethnicity-based employment discrimination actions on behalf of overlapping plaintiff classes for the actions of the same Denver Health Defendants during the same period of time. Common questions of fact and law abound. Accordingly, I GRANT the Motion to Consolidate and, over Plaintiffs' objection, ORDER the cases CONSOLIDATED in their entirety. Recognizing Plaintiffs concerns, however, I note the Order for consolidation is without prejudice to any party's right at a later date to seek separate trials with respect to some or all of the claims of various plaintiffs, if appropriate.

Dated October 10, 2007.                   **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE